The Chief Justice
delivered the opinion of the court.
This is a bill filed by the trustees of Lexington, to obtain the re-conveyance of an out lot, which their predecessors had conveyed to Bradford, as the assignee of Heyden. It is admitted by both parties, that Heyden was entitled to an out lot, as a bounty for settling in ttexington, and it appears from the books of the trustees, that the lot in question was the one which was allotted to him; but the trustees contend that this entry on their books was made by mistake, or if truly made, that by a subsequent arrangement, Heyden became entitled to a different lot, which had been conveyed to him in lieu of the one in question, long before Bradford’s purchase; of all which he had notice prior to his purchase. Bradford, on the contrary, insists that the lot in question was the one allotted to Heyden as bis bounty lot, and that no subsequent arrangement was made, whereby he became entitled to any other. He denies any knowledge of Heyden’s having received a conveyance of any other in lieu of the one in question, and relies *176 upon bls being a fair purchaser for a valuable consideration, without notice.
Hughes for appellant, Hag gin for appellees.
The court below decided against Bradford, and he has appealed to this court.
The court below seems to have thought that'the only question material to be decided was, whether Heyden’s title to the lot in question was valid or not; but that is, certainly, not the only question which occurs in the case. Was it, indeed, the only point necessary to be determined, altho’ the parol evidence strongly tends to support the decision of that court, yet as the books of the trustees shew Heyden to have been entitled to the lot in question, and afforded no evidence of his having divested himself of bis title to it, we should have considerable hesitation in affirming their decision to be correct. But supposing, on this point, the opin-ión of the court below to be correct, still the question occurs, whether Bradford may not defend himself on the ground of his being a purchaser fora valuable consideration without notice. That he may do so, we have but little doubt. He was unquestionably a purchaser for a valuable consideration, and there is no evidence in the cause which can justify a belief, that he had any knowledge of the t.rus-tess’ having a claim to it for the common benefit of the town. On the contrary, it is apparent, that he as well as the trustees who conveyed to him, acted under a full conviction, that the equitable title was vested in Heyden.
The decree must be reversed with cost, and the cause remanded — andthe bill dismissed with costs.